## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| DON P. RHODES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DAVE DORMIRE, )<br>)<br>Respondent. | Case No. 05-0014-CV-W-ODS-P |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2002 conviction and sentence for second degree murder, which was entered in the Circuit Court of Lawrence County, Missouri. Petitioner's sole ground for relief is that newly discovered evidence demonstrates that his defense counsel at his guilty plea proceeding was a prosecuting attorney in another Missouri county, which he concealed from petitioner and the trial judge, thereby depriving petitioner of his constitutional rights.

Respondent first states that, although Mo. Rev. Stat. § 56.360 provides that it shall be unlawful for any Missouri county prosecuting attorney to accept employment by any party other than the state of Missouri in any criminal case or proceeding and although Mo. Rev. Stat. § 56.230 provides that assistant prosecuting attorneys in third class counties shall be disqualified from defending in any criminal case, neither of those statutes applies to the attorney who represented petitioner at his state criminal proceeding. Rather, petitioner's guilty plea attorney stated in his testimony at petitioner's post-conviction hearing that he was the City Attorney for the City of Aurora, Missouri, which is a municipality, not a county, in Missouri.

Similarly, respondent argues that none of the cases cited by petitioner concern conflicts of interest or deal with city prosecuting attorneys. See Doc. No. 11, pp. 3-4.

Respondent also contends that the fact that petitioner's defense counsel was a municipal attorney did not create a conflict of interest and that petitioner has not, in any event, demonstrated or even specifically alleged that his guilty plea counsel's alleged conflict adversely affected his representation, as required by Mickins v. Taylor, 535 U.S. 162, 173 (2002), and Koste v. Dormire, 345 F.3d 974, 981-84 (8th Cir. 2003). In the alternative, respondent contends that petitioner defaulted his conflict of interest claim by failing to raise it in a timely post-conviction motion pursuant to Mo. Sup. Ct. R. 24.035 and that petitioner's failure to do so bars him from raising the claim under Section 2254. See Duvall v. Purkett, 15 F.3d 745, 646-48 (8th Cir. 1994).

Petitioner replies that his guilty plea counsel was paid by the same county in which he was tried and that records are available to prove direct ties with the Lawrence County prosecuting attorney. Petitioner contends that guilty plea counsel threatened him to plead guilty or receive a life sentence and instructed him to conceal such threat when the judge questioned petitioner in the guilty plea hearing about any threats that had been made to him. Doc. No. 13, pp. 1-2.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate

2

that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner failed to address any viable cause for and actual prejudice resulting from his state procedural default in his reply to respondent's response. See Doc. No. 13.

If petitioner contends that guilty plea counsel's alleged conflict of interest prejudiced his state court defense, he should have raised such a claim in his state post-conviction proceeding. In fact, when guilty plea counsel testified at petitioner's Rule 24.035 hearing about his employment as a municipal attorney for the City of Aurora, Missouri, the information apparently was not a surprise to petitioner's 24.035 attorney because guilty plea counsel was not cross-examined about the issue at all. See Respondent's Exhibit 1, pp. 44, 66-76.

If petitioner contends that post-conviction counsel was ineffective for failing to discover that guilty plea counsel was employed by the City of Aurora, Missouri, and for failing to raise such a claim in petitioner's Rule 24.035 motion, claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Because petitioner failed properly to present the alleged ineffectiveness of post-conviction counsel concerning the alleged conflict of interest to the state courts, he has failed to demonstrate legally sufficient cause for his default. Moreover, ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

Petitioner also has failed to show that a fundamental miscarriage of justice[1] will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Petitioner's sole ground for relief will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) petitioner's motions for appointment of counsel (Doc. No. 2) and request for orders (Doc. No. 13) are denied; and

(3) this case is dismissed with prejudice.

       /s/ Ortrie D. Smith
       ORTRIE D. SMITH
       UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,
Dated: 5/20/05.

---

[1] The record shows that the charges against petitioner were reduced from first degree murder and armed criminal action to second degree murder in exchange for petitioner's plea of guilty and that the victim (petitioner's step-daughter) was not armed at the time petitioner shot her as she was attempting to leave petitioner's house, that she was shot twice, and that evidence was available for trial to show that petitioner intended to kill the victim.